United States District Court
Southern District of Texas
**ENTERED**
August 04, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **CARLOS FEDERICO NINO TOVAR,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-01333** |
| | § | |
| **WARDEN OF RIO GRANDE DETENTION** | § | |
| **CENTER,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Pending before the Court is Petitioner Carlos Federico Nino Tovar's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS). Petitioner filed his Petition for Writ of Habeas Corpus on July 29, 2026. (Dkt. 1.) Petitioner argues he is being unlawfully detained subject to mandatory detention under 8 U.S.C. § 1225(b) in violation of the Fifth Amendment Due Process Clause and the Immigration and Nationality Act (INA). (*Id.* at 9–13.) He asks the Court to order his immediate release or in the alternative, provide him with a bond hearing. (*Id.* at 14.)

On February 6, 2026, the United States Court of Appeals for the Fifth Circuit addressed the dispute over the statutory interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention provision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) ("*Buenrostro-Mendez*"). In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8

1 / 5

U.S.C. § 1226(a). *Id.* at 498. The decision was limited to the statutory interpretation of the applicable provisions and left unresolved other claims brought by petitioners challenging their mandatory detention, including constitutional questions under the Due Process Clause. *Id.* at 508. Subsequently, on July 2, 2026, the Fifth Circuit issued a decision in *Sosnava Rodriguez v. Ortega*, 2026 WL 1906557 (5th Cir. July 2, 2026) ("*Sosnava Rodriguez*"), holding that noncitizens detained under 8 U.S.C. § 1225(b)(2)(A) may not be detained for longer than ninety days without a bond hearing based on constitutional concerns. On July 10, 2026, the Fifth Circuit issued an *en banc* rehearing order on its own motion. *Sosnava Rodriguez v. Ortega*, 2026 WL 2014647 (5th Cir. July 10, 2026). The Fifth Circuit also vacated the July 2, 2026 ruling in *Sosnava Rodriguez*. *Id*. At this time, therefore, *Sosnava Rodriguez* is pending a ruling by the Fifth Circuit sitting *en banc*.[1]

The Court ordered Respondents to respond to Petitioner's petition on or August 6, 2026. (Dkt. 4.) Respondents filed a timely response addressing Petitioner's claims in light of the decision

---

[1] Respondents argue that the no relief should be granted to Petitioner based on Petitioner's due process claim because of the stay issued in *Sosnava Rodriguez*. (*See* Dkt. 5 at 3.) On July 21, 2026, the Fifth Circuit issued a stay of the three individual district court judgments in *Sosnava Rodriguez* pending rehearing *en banc*. 2026 WL 2104747, at *1 (5th Cir. July 21, 2026). The Supreme Court has recognized that an interim order granting a stay is "not conclusive as to the merits" and may "inform how a court should exercise its equitable discretion in like cases." *Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025); *see also Merrill v. Milligan*, 142 S. Ct. 879, 879 (2022) (Kavanaugh, J., concurring) ("[t]he stay order is not a ruling on the merits, but instead simply stays the District Court's injunction pending a ruling on the merits."); *U.S. Navy SEALs 1- 26 v. Biden*, 72 F.4th 666, 675 n.9 (5th Cir. 2023) (A stay does not "spawn binding legal consequences regarding the merits of [a] case." (quoting *Democratic Exec. Comm. of Fla. v. Nat'l Republican Senatorial Comm.*, 950 F.3d 790, 795 (11th Cir. 2020))). The Fifth Circuit's stay in *Sosnava Rodriguez* was issued without analysis. Accordingly, reading into the Fifth Circuit's stay "is an inherently speculative endeavor." *See Sagastizado v. Noem*, 802 F. Supp. 3d 992, 1013 (S.D. Tex. 2025). Without clearer direction, the Court will not deny relief this Court deems meritorious solely because the district court judgments granting relief to individual habeas petitioners were stayed. *See, e.g., Camacho v. Dep't Homeland Security*, 2026 WL 2137156, at *2–3 (W.D. Tex. July 24, 2026); *Guerra Estrada v. Ybarra*, 2026 WL 2168090, at *1–2 (W.D. Tex. July 28, 2026); *Perozo-Mata v. Blanche*, 2026 WL 2195373, at *3 (S.D. Tex. July 27, 2026).

in *Buenrostro-Mendez*, (Dkt. 5), and Petitioner filed a reply to Respondents' response (Dkt. 6.) Upon review of Petitioner's case, the Court finds that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Bonilla Chicas v. Warden*, 821 F. Supp. 3d 782 (S.D. Tex. 2026) and *Strunin v. Garcia*, 827 F. Supp. 3d 976 (S.D. Tex. 2026), in which the Court determined that the petitioners' detention by ICE violated their rights under the Due Process Clause. Here, Petitioner is a noncitizen who has resided in the United States nearly 18 years and has two children who are United States citizens. (*See* Dkt. 1 at 6; Dkt. 5 at 3.) In July of 2026, Petitioner was apprehended by immigration authorities when he was leaving his home to go to work. (*Id.*) ICE took Petitioner into custody and served him with a Notice to Appear. (*Id.*) Petitioner has remained detained during his ongoing removal proceedings. (*Id.*)

Because Petitioner's legal claims are materially indistinguishable from those considered by the Court in *Bonilla Chicas* and in *Strunin* and because Respondents have failed to offer controlling precedent or reasoning that would justify reaching a different result in this case, the Court is unpersuaded to alter its prior analysis of the issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States without inspection and has established ties to the United States through his residency, the Due Process Clause of the Fifth Amendment guarantees Petitioner an individualized assessment of his flight risk and dangerousness and an opportunity to respond prior to detention by ICE. This conclusion is further supported by the growing number of district courts that have likewise found that mandatory detention of noncitizens who have established a presence in the United States violates their procedural due process rights. *See, e.g.*, *Vieira v. De Anda-Ybarra*, 806 F. Supp. 3d 690, 700–02 (W.D. Tex. 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685–88 (W.D. Tex. 2025) (collecting cases); *Hernandez-Fernandez v. Lyons*, 2025 WL 2976923, at *7 (W.D. Tex.

Oct. 21, 2025); *Marceau v. Noem*, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026); *Ceballos v. Garite*, 2026 WL 446509, at *2 n.2 (W.D. Tex. Feb. 10, 2026); *Torres v. Hermosillo*, 2026 WL 145715, at *5 (W.D. Wash. Jan. 20, 2026) (collecting cases); *Rincon v. Hyde*, 810 F. Supp. 3d 101, 106–07 (D. Mass. 2025); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 147, 151 (W.D.N.Y. 2025); *Rodriguez v. Bondi*, 821 F. Supp. 3d 727, 729 (W.D. Tex. 2026). Thus, the Court holds that because Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to equitable relief and that the appropriate remedy is Petitioner's immediate release from custody with additional safeguards against redetention.

## **CONCLUSION**

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED**. Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. 5), is **DENIED**.

1.      Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2.      Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than three hours** prior to Petitioner's release from custody.

3.      Respondents must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

4.      If Petitioner is redetained under 8 U.S.C. § 1225(b), all applicable regulations and procedures must be followed, including that Petitioner be afforded an individualized assessment

of Petitioner's flight risk and dangerousness as guaranteed under the Due Process Clause of the

Fifth Amendment.

IT IS SO ORDERED.

SIGNED this August 4, 2026.

Diana Saldaña
United States District Judge